IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-127-BO

| | |
|---|---|
| ATLANTIC COAST PIPELINE, INC., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| 1.51 ACRES, MORE OR LESS, IN ) | |
| CUMBERLAND COUNTY, NORTH ) | |
| CAROLINA, *et al.*, ) | |
| Defendants. | |

This cause comes before the Court on defendants' motion for taxation of costs and fees against plaintiff pursuant to Rule 54 and 71.1 of the Federal Rules of Civil Procedure, 15 U.S.C. § 717(f), and N.C. Gen. Stat. § 40A-8. Plaintiff has responded and the matter is ripe for ruling. For the reasons that follow, defendants' motion is denied.

## BACKGROUND

On September 18, 2015, plaintiff (ACP or plaintiff) filed an application for a certificate of public convenience and necessity with the Federal Energy Regulatory Commission (FERC), seeking permission to construct an approximately 600-mile pipeline and related facilities for the purpose of transporting natural gas from West Virginia to Virginia and North Carolina. FERC issued ACP a certificate of public convenience and necessity on October 13, 2017, authorizing ACP to construct the pipeline. *See, generally,* [DE 1-2]. In order to construct the pipeline, ACP needed to acquire both temporary and permanent, exclusive easements on properties along the FERC-approved pipeline route.

ACP initiated this case by filing a complaint in condemnation pursuant to 15 U.S.C. § 717f(h) and Federal Rule of Civil Procedure 71.1 on March 28, 2018. ACP sought an order

allowing the taking of certain interests in real property, immediate entry and possession of real property, and the ascertainment and award of just compensation to the owners of interest in the subject real property pursuant to its power of eminent domain as authorized by Section 7(h) of the National Gas Act.

On March 10, 2020, the Court granted partial summary judgment in ACP's favor on the issue of whether ACP had a right to condemn defendants' property. Defendants did not contest that motion. This matter was scheduled for mediation on July 15, 2020. On July 5, 2020, ACP announced the cancelation of its pipeline project. ACP subsequently filed a notice of voluntary dismissal on August 17, 2020, pursuant to Rule 71.1(i)(1)(A) of the Federal Rules of Civil Procedure. The voluntary dismissal was filed prior to ACP acquiring any title or lesser interest in the subject property and prior to any hearing on compensation. This motion followed.

Defendant landowners seek an order directing ACP to repay them costs and fees as follows: $3,500 for expert witness fees; $7,500 for attorney fees; and $23,066.33 for losses suffered by the defendant landowners due to the unmarketability and inability to use their property during the pendency of this action.

## DISCUSSION

Defendants ask that this Court apply state substantive law to determine their damages. However, the mere filing of a complaint in condemnation does not amount to a taking. *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 16 (1984). Defendants do not argue that ACP took possession of the property or filed a *lis pendens*. Although partial summary judgment was entered in ACP's favor, the order merely determined the narrow issue of whether plaintiff was entitled to condemn the subject easements under the Natural Gas Act. [DE 26]. The Court in *Kirby Forest Industries* held that "in the absence of an interference with an owner's legal right to

2

dispose of his land, even a substantial reduction of the attractiveness of the property to potential purchasers does not entitle the owner to compensation under the Fifth Amendment." *Id.* at 15; *see also* Fed. R. Civ. P. 71.1(i)(1)(A) (permitting voluntary dismissal where a just compensation hearing has not begun, no title or lesser interest has passed, and plaintiff has not taken possession of the subject property). Accordingly, there has been no taking and just compensation is not owed. Defendants are therefore not entitled to damages.

Defendants also rely on 15 U.S.C. § 717(f), which provides that the practice and procedure of a condemnation action under the Natural Gas Act shall conform with a similar action or proceeding under the law of the state where the property is located. "[T]his state procedure requirement has been superseded by Rule 71A [of the Federal Rules of Civil Procedure]." *E. Tennessee Nat. Gas Co. v. Sage*, 361 F.3d 808, 822 (4th Cir. 2004). Rule 71A, which preceded Rule 71.1, was intended to provide for a "uniform procedure for all cases of condemnation . . . and . . . supplants all statutes prescribing a different procedure." Fed. R. Civ. P. 71.1, Advisory Committee Notes (1951).

ACP's complaint in condemnation was filed solely under its authorization to condemn provided by the federal Natural Gas Act and the procedures prescribed by Rule 71.1. As discussed above, Rule 71.1 of the Federal Rules of Civil Procedure provides the procedural rules that govern federal condemnation actions. Accordingly, North Carolina law governing attorney fee procedures is not applicable in this action. *Irick v. Columbia Gas Transmission Corp.*, No. 5:07CV00095, 2008 WL 191324, at *3 (W.D. Va. Jan. 22, 2008); *see also Chin v. Chrysler LLC*, 538 F.3d 272, 277 (3d Cir. 2008) (where "no substantive provision of [a state's] law was ever pled," state fee-shifting statutes do not apply).

3

The Court is further unpersuaded by defendants' argument that it need adopt North Carolina's fee-shifting rules as federal common law. The cases cited by defendants wherein courts have applied state common law have done so in the context of determining just compensation, not attorney fees and expenses. *See, e.g., Tennessee Gas Pipeline Co., LLC v. Permanent Easement for 7.053 Acres*, 931 F.3d 237, 251 (3d Cir. 2019).

Finally, due to the contingency fee arrangement, defendants have likely not actually incurred any fees and expenses. *See* N.C. Gen. Stat. § 40A-8(b) (discussing award to the owner to reimburse reasonable costs and expenses); *see also United States v. 431.60 Acres of Land, More or Less, in Richmond Cty., State of Ga.*, 355 F. Supp. 1093, 1096 (S.D. Ga. 1973) ("In an abandoned condemnation, a contingent fee alone would give rise to no 'incurred' obligation because the contingency did not occur.").

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion for taxation of costs and fees against plaintiff [DE 33] is DENIED.

SO ORDERED, this 12 day of February, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4